**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | |
|---|---|
| T&H BAIL BONDS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) **C.A. No.: N14J-01761 (BVM)** |
| | ) |
| v. | ) Chancery Court of the State of |
| | ) Delaware |
| PREFERRED INVESTMENT | ) Judgment Transaction ID 55343439 |
| SERVICES, INC., | ) C.A. Number 5886-VCP |
| | ) |
| | ) |
| Defendant (Judgment/Debtor), | ) |

## ORDER

Having considered Floyd White's ("White") Motion for Condemnation Order and Judgment, A Bail Bond by Resto & Company, Inc.'s ("Resto & Company") Response for Condemnation Order and Judgment, the transcript of the oral argument of March 6, 2020, the Commissioner's March 6, 2020 Order, White's Motion for Reconsideration, White's Motion for Judgment on the Pleadings, alternatively Motion for Summary Judgment and Resto & Company's Response in Opposition to Motion for Judgment on the Pleadings Alternatively for Summary Judgment and it's Motion for Summary Judgment Dismissing the Writ of Garnishment, it appears to the Court that:

Preferred Investment Services, Inc., ("PISI") was a Delaware corporation involved in the financing of cash bails that were posted in various Delaware courts

by T&H Bail Bonds, Inc. Edwin Swan was the owner and principal of PISI. Plaintiffs (in this action) are T&H and the other named individuals who were originally co-defendants in the Chancery Court case.[1] The contract between PISI and T&H included exclusivity agreements regarding the financing of T&H's cash bails. Under the contract PISI would supply the necessary cash to T&H (the licensed bail bond agent who actually posted it with the court) for an upfront fee of one-half of the fee T&H charged to its customer (normally 33% of the total cash bail amount). Upon exoneration of the bail conditions (i.e. the case was dismissed or the defendant was sentenced and the case closed), the bail money would be picked up by T&H and returned to PISI. If the defendant absconded and the bail was forfeited, the loss was split 50-50. The other Plaintiffs in this action were alleged to have tortuously interfered with the financing agreement between PISI and T&H.

Eventually, however, the business relationship between PISI and the Plaintiffs soured. On October 8, 2010, PISI brought suit against Plaintiffs in Chancery Court alleging, *inter alia*, breach of contact. Plaintiff made various counter-claims alleging the same thing. Following a three day trial in March of 2013, Vice Chancellor Parsons ruled against PISI on some of the claims, awarding Plaintiffs $307, 254.76 in fees and expenses in light of PISI's bad faith litigation.[2]

---

[1] The rights of the plaintiff in this action have been assigned to Floyd White.
[2] A far more detailed statement of facts, and allegations below, can be found in the excellent Chancery Court Memorandum Opinion. *See Preferred Investment Services, Inc. v. T & H Bail Bonds, Inc.*, 2013 WL 3934992

Since at least 2017, White has been attempting to garnish monies from Resto & Company, arguing that Resto & Company is holding money that belongs to PISI. While there is a dispute about when Resto & Company was served with the writ of garnishment, Resto & Company acknowledges receiving actual notice of the writ in 2017. Discussions between the parties ensued, in which Resto & Company took the position that it was not in actual possession of any funds and had no knowledge of any funds that could be reasonably obtained. The exchange focused on bails that may still be in possession of the courts which were funded by the Judgment Debtor and fictitiously posted by Rodney Burns.[3]

In August, 2018 White moved for Judgment against a number of parties, including Resto & Company alleging that each should be defaulted. On December 13, 2018, this Court denied White's various default applications and permitted Resto & Company to file an Answer on behalf of Resto & Company. Resto & Company filed its Answer on December 26, 2018. The Answer was verified by William Resto ("William"). Any fair reading of the Answer can lead to only one conclusion – that Resto & Company denied having any money that belonged to the creditor. In an

---

(Del.Ch. July 24, 2013): *aff'd Preferred Inv. Services, Inc. v. T & H Bail Bonds, Inc.*, 2015 WL 258527 (Del. January 21, 2015).

[3] Rodney Burns is a former bail agent who worked for Resto & Company who admitted to posting cash bails using funds from PISI without the consent of Resto & Company. Resto & Company was of the belief that any bails posted by Burns were already retrieved and distributed before the judgment in Court. However William Resto was later informed by PISI that bails may possibly remain in possession of the Courts.

effort to deal with the Burns situation, the Resto & Company Answer contained the following:

> To the best of Mr. Resto's knowledge and belief, A Bail Bond by Resto & Company, Inc., _may_ have had or currently _may_ have goods, chattels, rights, credits and effects unknowingly to which Preferred Investment Services, Inc., A/K/A "PISI" claims exists related to cash bail bonds which were posted or retrieved at some time by one of A Bail Bond by Resto & Company, Inc.'s agents, without the knowledge and consent of A Bail Bond by Resto & Company, Inc.

On February 19, 2020, White filed another Motion for Condemnation Order and Judgment against Resto & Company alleging that Resto & Company admitted in its Answer to having property of the Judgment Debtor in its hands, but conceding that it could not identify the amount. White referred to PISI spreadsheets which White contends demonstrated that Resto & Company have $389,400 in debtors' funds. As part of its motion, White asked this Court to conduct an _in camera review_ of these spreadsheets. Resto & Company filed a response which denied the allegations of White's Motion. Resto & Company agreed that there was a benefit to the Court reviewing the spreadsheets because it could assist the parties in identifying any funds the Court may be holding that belong to the debtor.

The above motion was presented to the Commissioner on March 6, 2020. At the conclusion of the hearing the Commissioner issued an Order that:

1. Denied White's Motion against Resto & Company and all related parties;

2. Required White, Resto & Company and PISI to work together to determine the whereabouts of the bonds posted in the 3 page spreadsheet and to resolve the outstanding monies involving Resto; and

3. The 3 page spread sheet should be kept confidential and not shared beyond the lawyers and clients.

On March 16, 2020, White filed a Motion for Reconsideration of the Commissioner's Order arguing that while William provided a verified Affidavit on behalf of Resto & Company, William, himself, did not file an Answer and therefore default should be entered against Resto & Company. Resto continues to argue that "may have" language of the Affidavit permits default to be entered against Resto & Company.

On June 23, 2020 White filed a Motion for Judgment on the Pleadings and in the Alternative a Motion for Summary Judgment repeating the argument that the Answer by Resto Company based on the "may have" language in Resto's Affidavit permits judgment against Resto & Company. Resto has responded with its own Motion for Summary Judgment arguing that the Judgment Creditor has failed to produce any evidence to support any claim that Resto & Company would potentially retrieve any funds that would be subject to garnishment and Judgment Creditor has acknowledged that Resto & Company is not in actual possession of any funds subject to garnishment.

I turn first to White's Motion for Reconsideration of the Commissioner's Order Denying the Application for a Default Judgment based on the "may have"

language in William Resto's Affidavit Filed in Support of Resto & Company's Answer to the Garnishment. Under no conceivable set of facts is there a credible argument that Resto & Company admitted to having any property belonging to the judgment debtor. Mr. Resto was aware that Burns may have posted cash with the Court outside the course and scope of his employment with Resto & Company, fraudulently using Resto & Company and out of abundance of caution revealed that there "may be" cash on hand with the Court.[4] White, in fact, confirmed this understanding in an email:

> My (Floyd White) understanding is that Rodney Burns during this time "worked" for Resto, but only issuing secured bails (bonds). The cash bail side of Burns was outside of his and Resto's agreement and was under Edwin Swan. (Exhibit D email dated August 21, 2017 at 5:30 PM).

The Commissioner's denial of White's Motion for Default Judgment is appropriate given the language of pleadings and the actual notice of the parties demonstrated above. White's Motion for Reconsideration is therefore DENIED.

I now turn to White's most recent Motion to have default judgment entered against Resto & Company because White did not file an Answer individually on behalf of himself. The December 2018 hearing where White sought a default judgment against Resto & Company is important in this respect. Prior to that hearing

---

[4] The record reflects that Resto reached out to White to have him assist in drafting its Answer because it needed assistance from White about what he knew about the actions of Mr. Burns.

White had issued 22 garnishments and filed Motions for Default. Of the 22 garnishments, some were directed to individuals and some were corporations. Of the 22, not one was addressed to William Resto, individually. Mr. Bowers appeared on behalf of Resto & Company. While a Writ of Garnishment was filed against Mr. Resto, it was never served and he had no knowledge of the individual writ against him at that time. The only writ he had knowledge of was the one issued to Resto & Company. It would not be proper to enter a default against Resto & Company because an individual Answer was not filed by William Resto as White's Motion requests. Nor would a default against William Resto be proper under these facts.

As for White's Motion for Judgment on the Pleadings and Resto's Motion for Summary Judgment, as indicated above, the pleadings do not admit that Resto & Company have property of the judgment debtor. Therefore the Motion for Judgment on the Pleadings or alternatively a Motion for Summary Judgment is Denied.

As to Resto's Motion for Summary Judgment, I am confronted by the spreadsheets and what they may reveal. The burden of proof on whether Resto & Company has property belonging to the judgment debtor is on Mr. White. *Schwander v. Feeney's*, 29 A2d 369 (Del. Supr., 1942). As acknowledged by the parties, Mr. White cannot get to the bottom of that issue without Resto & Company's cooperation. As the Commissioner did, I encourage the parties to work together to determine whether there is cash in the Court's possession that is the property of the

Judgment Debtor. I cannot force Resto to cooperate, but would suggest that cooperation might be the most cost effective way for all of the parties to resolve this issue. Absent Resto & Company's voluntary cooperation, Mr. White may avail himself of the appropriate discovery tools under Superior Court Civil Rule 69(aa).

To the extent that the parties need me to address confidentiality issues surrounding the spreadsheets, I will follow the Commissioner's lead and Order that the sheets can be shared with counsel and the parties for purposes of resolving this issue alone. Once this issue is resolved, all copies provided should be shredded.

I am denying without prejudice Resto & Company's Motion for Summary Judgment. I will entertain a Motion by Resto & Company any time after December 1, 2020. This should give Mr. White ample time to deal with the spreadsheets and attempt to meet his burden of proof.

**IT IS SO ORDERED** this 19th day of August, 2020.

_____
Francis J. Jones, Jr., Judge

/jb